The defendant, Wilson, (the only one now on trial) was indicted with Jacob E. Griffin, for exporting from this State to Virginia, two negro convicts, Emory Hand and James Hickman, contrary to section 17, of the act providing for the punishment of certain crimes and misdemeanors. (Digest, 148.)
Emory Hand was called as a witness, and objected to, on the ground that he was not a freeman.
But the Court said: — The act of assembly (Dig. 156,) defines the term slave and expressly says, that a person disposed of as a servant pursuant to any judgment, sentence or order of any court, shall not be deemed to be a slave within any provision of that act. Such a person has already been decided to be a free man in reference to the punishment of crime, (The State vs.Morris, 2 Harr. Rep. 534,) and he is equally so as to the privilege of giving testimony in a court of justice. On this subject the law recognizes but two classes of persons, freemen, and slaves; and by the letter of the law this witness is not a slave. *Page 561 
In the further progress of this case the defence presented the following legal positions: — 1st. That the penalty in section seventeen was aimed only at the purchaser or owner of a convict servant, and does not extend to third persons. That the terms "export, convey, transfer or assign." all have reference to purchasers or owners. That the word export, which was the one used in the indictment, had a technical meaning, which applies only to an owner. 2d. There are two provisos connected with the enacting clause, which ought to have been negatived in the indictment, viz: that Griffin had no license to export these negroes, and that he was not going a journey, nor removing with his family from this State. 3d. That it should have been alledged in the indictment that these negroes were sold to personsresiding in this State, conformably to their sentence, and that the defendant, Wilson, knowing this, carried them out. The allegation was that they were duly sold to one A. B.
The Court held, 1st. That the defendant came within the provisions of the act of assembly against exporting convicts, if the proof sustained the charge. 2d. That as the license or other circumstance which would justify Griffin in removing the convicts from the State was matter properly coming from his side, it was not necessary to deny it in the indictment. 3d. That as the indictment set out that these convicts were directed by the judgment of the court, to be sold to persons residing in this State, and that they wereduly sold in pursuance of this judgment; this was a sufficient allegation that they were sold to a citizen of the State; which must, however, be proved.
 The defendant was acquitted.